# 2003 DTA 144

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL V DE PONCE Y AIBONITO

EL PUEBLO DE PUERTO RICO
Peticionario

v.

DAVID RIVERA RIVAS
Recurrido

Núm. KLCE-03-00336

San Juan, Puerto Rico, a 11 de septiembre de 2003

Panel integrado por su Presidente, el Juez Brau Ramírez,
el Juez Aponte Hernández y la Juez Pabón Charneco

Pabón Charneco, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos El Pueblo de Puerto Rico, representado por el Procurador General, solicitando la revisión de una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, en el procedimiento criminal incoado contra David Rivera Rivas, en adelante, el recurrido, ante dicho foro por infracción a la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, conocida como *"Ley para la Prevención e Intervención con la Violencia Doméstica"*, 8 L.P.R.A. secs. 601 *et seq.* Mediante dicho dictamen, el tribunal *a quo* ordenó el archivo y sobreseimiento de las denuncias presentadas contra el recurrido.

Por las razones que esbozamos a continuación, expedimos el auto solicitado y revocamos el dictamen recurrido.

## I

Conforme surge del recurso ante nuestra consideración, por hechos acaecidos el 3 de agosto de 2002, se presentaron denuncias contra el recurrido por infracción al Art. 3.1 de la Ley Núm. 54, *supra*, 8 L.P.R.A. secs. 631. ■ Los correspondientes pliegos acusatorios leen:

*"EL REFERIDO DAVID RIVERA RIVAS ALICEA, ALLA EN O PARA EL DIA 3 DE AGOSTO DE 2002, EN SANTA ISABEL, PUERTO RICO, QUE FORMA PARTE DE LA JURISDICCION DEL TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE PONCE, ILEGAL, VOLUNTARIA, MALICIOSA Y CRIMINALMENTE, EMPLEO VIOLENCIA SICOLOGICA CONTRA WILMARY NIEVES ORTIZ, CON QUIEN CONVIVIO, CONSISTENTE EN QUE LE MANIFESTO 'ERES UNA PUTA, SO PENDEJA, YO QUERIA VOLVER CONTIGO Y MIRA LO QUE TU ME HACES', 'QUIERES ESTAR SOLA PARA PUTEAR, NO VAS A ESTAR PUTEANDO', 'LEVANTATE, TE VOY A ESBARATAR, SO PUTA', 'TE MONTAS QUE TE VOY A ESBARATAR TU CASA, VOY A TERMINAR LO QUE EMPECE', POR LO QUE LA PERJUDICADA SE SINTIO OFENDIDA.*

*EL REFERIDO DAVID RIVERA RIVAS ALICEA, ALLA EN O PARA EL DIA 3 DE AGOSTO DE 2002, EN SANTA ISABEL, PUERTO RICO, QUE FORMA PARTE DE LA JURISDICCION DEL TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE PONCE, ILEGAL, VOLUNTARIA, MALICIOSA Y CRIMINALMENTE, EMPLEO VIOLENCIA FISICA CONTRA WILMARY NIEVES ORTIZ, CON QUIEN CONVIVIO, CONSISTENTE EN QUE LE MORDIO LA OREJA DERECHA, CAYENDO LA PERJUDICADA AL PISO, LA HALO POR EL PELO Y LA ARRASTRO, OCASIONANDOLE HEMATOMAS EN AMBAS PIERNAS, EN EL BRAZO DERECHO, EN LA PALMA DE LA MANO DERECHA Y HEMATOMAS EN LA CARA."*

EL 20 de diciembre de 2002, luego que el recurrido renunciara por escrito a la celebración de la vista preliminar, se determinó causa probable para presentar acusaciones. Celebrado el acto de lectura de acusación, el juicio quedó señalado para el 14 de febrero de 2003.

Llegada dicha fecha, la defensa solicitó una vista conforme a lo resuelto en *Pueblo v. Castellón*, 151 D.P.R. ___ (2000), **2000 J.T.S. 84**, ante la alegada falta de interés de la perjudicada en proseguir con el caso. El Tribunal de Primera Instancia accedió a la solicitud. A tales efectos, la defensa presentó el testimonio de la perjudicada, quien testificó que tanto ella como el recurrido habían tomado y cumplido satisfactoriamente un seminario sobre manejo de coraje. ■

Conforme se desprende del escrito del Procurador General durante el interrogatorio de la perjudicada, ésta aceptó que hubo una agresión física y verbal por parte del recurrido. Sin embargo, declaró que ella había

provocado la situación. Atestó, además, que al querellarse ante el cuartel no indicó que había provocado la situación, que tenía miedo y que no había ido al cuartel antes porque estaba adolorida por los golpes que le propinó el recurrido y por estar trabajando. Declaró que luego de que se presentaron las denuncias no habían ocurrido otros incidentes de violencia doméstica.

Evaluada la prueba presentada, el tribunal *a quo* ordenó el archivo de la acción a tenor con lo dispuesto en la Regla 247(b) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 247.

Inconforme, el Procurador General acude ante nos. El 7 de abril de 2003, ordenamos al recurrido mostrara causa por la cual no debíamos expedir el auto solicitado. Procedemos conforme intimado.

## II
En su escrito, el Procurador General plantea que abusó de su discreción el Tribunal de Primera Instancia al ordenar el archivo y sobreseimiento de las acusaciones contra el recurrido cuando consideró principalmente la falta de interés de la perjudicada y certificaciones de un seminario para el manejo del coraje que tomaron el recurrido y la perjudicada, lo cual constituye prueba insuficiente para sostener el archivo a la luz de los factores establecidos en *Pueblo v. Castellón, supra*, soslayando el interés público del Ministerio Fiscal en procesar penalmente la conducta delictiva imputada.

## III
Mediante la Ley Núm. 54, *supra*, la Asamblea Legislativa reconoció que la violencia doméstica atentaba contra la integridad de la familia, y a su vez, la estabilidad y la preservación de la convivencia civilizada de nuestro pueblo. Expresa la Exposición de Motivos del estatuto:

*"La violencia doméstica es un comportamiento antisocial que constituye un serio problema para la familia puertorriqueña... A pesar de que tanto los hombres como las mujeres pueden ser víctimas de maltrato conyugal, los estudios demuestran que las mujeres son usualmente las víctimas de la conducta agresiva y violenta que denominamos maltrato conyugal... Tolerar la violencia doméstica hoy, contribuye a la desintegración de la familia, a fomentar la criminalidad y al debilitamiento de los valores de la convivencia humana...".*

Como consecuencia de este principio, el Art. 1.2 de la Ley adoptó como política pública lo siguiente:

*"El Gobierno de Puerto Rico reconoce que la violencia doméstica es uno de los problemas más grave y complejos que confronta nuestra sociedad. En el desarrollo de la política sobre este asunto, debemos dar énfasis a atender las dificultades que las situaciones de violencia doméstica presentan, particularmente a mujeres y menores, para preservar su integridad física y emocional, procurar su seguridad y salvar sus vidas."*

Por otro lado, la Regla 247 de las de Procedimiento Criminal, *supra*, establece las instancias en las que se puede sobreseer o archivar una denuncia o acusación.

Sobre la citada Regla 247, el Tribunal Supremo, en *Pueblo v. Castellón, supra*, ha aclarado:

*"El inciso (b) de la Regla 247 de las Reglas de Procedimiento Criminal de Puerto Rico tiene su génesis en el Artículo 451 del Código de Enjuiciamiento Criminal de 1902, el cual disponía lo siguiente:*

*...El tribunal, ya por su propio acuerdo o ya a petición del fiscal y en pro de la justicia, puede decretar el sobreseimiento de una causa o de una acusación. Las causas de sobreseimiento deben exponerse en el auto que al efecto se dicte, el cual se insertará en el acta del proceso."*

El Código de Enjuiciamiento Criminal de Puerto Rico proviene del ordenamiento penal de California. Así, la

sección 1385 del Código Penal de California dispone en lo pertinente:

*"El juez o magistrado puede, motu proprio, o a petición del fiscal, y en pro de la justicia, ordenar el archivo o desestimiento de una acción. (Traducción Nuestra). West Annotated California Code sec. 1385."*

*Id.* a la pág. 1116.

Colegimos de lo anterior que el Ministerio Público es quien puede solicitar la aprobación del magistrado para sobreseer una acusación; así como el tribunal- en el ejercicio de su discreción-, puede sobreseer una acusación o denuncia *motu propio*.

En particular, el inciso (b) de dicha Regla es el que reconoce la facultad del tribunal de sobreseer una denuncia o acusación *motu proprio*. Dicho inciso lee de la siguiente manera:

*"Regla 247. Sobreseimiento*

*(a) ...*

*(b) Por el tribunal; orden. Cuando ello sea conveniente para los fines de la justicia y previa celebración de vista en la cual participará el fiscal, el tribunal podrá decretar el sobreseimiento de una acusación o denuncia. Las causas de sobreseimiento deberán exponerse en la orden que al efecto se dictare, la cual se unirá al expediente del proceso.*

*... ".*

Para que se pueda disponer de un caso vía el sobreseimiento al amparo de la Regla 247, *supra*, es imperativo que concurran dos (2) requisitos. En primer término, el tribunal deberá celebrar una vista en la cual participará el Ministerio Público. Asimismo, el sobreseimiento debe ser *"conveniente para los fines de la justicia"*. *Pueblo v. Castellón, supra,* a la pág. 1115.

El archivo y sobreseimiento de una acusación o denuncia, a la luz de la citada Regla 247, es con perjuicio, es decir, que constituye un impedimento para un nuevo proceso por los mismos hechos. Siendo ello así, **el aludido mecanismo procesal sólo deberá ser utilizado en situaciones singulares.**

En el mencionado caso de *Pueblo v. Castellón,* el Tribunal Supremo consideró cuándo y en qué circunstancias puede autorizarse el archivo de una acusación o denuncia bajo las disposiciones de la Ley Núm. 54, *supra,* al amparo de la Regla 247(b) de las de Procedimiento Criminal, *supra.* Asimismo, señaló los factores que ha de tomar en cuenta un tribunal para hacer dicha determinación.

En estos casos, el Tribunal de Primera Instancia viene obligado a celebrar una vista antes de considerar el archivo de la causa bajo la Regla 247(b), *supra.* Al tomar dicha determinación, el Tribunal de Primera Instancia debe considerar los siguientes factores: (1) la evidencia con que cuenta el Ministerio Público para establecer su caso, (2) la naturaleza del delito, (3) si el acusado está encarcelado o ha sido convicto en un caso relacionado o similar, (4) el tiempo que el acusado lleva encarcelado, (5) la posibilidad de amenaza u hostigamiento, (6) probabilidad de que en el juicio pueda traerse nueva o evidencia adicional, (7) si sirve a los mejores intereses de la sociedad proseguir con el procedimiento. *Id.,* a la pág. 1,116. Además de dichos criterios, será preciso examinar la naturaleza de la acusación, incluyendo el tipo de actividad delictiva en cuestión, su seriedad, la frecuencia con que se archivan casos del mismo tipo y el impacto del sobreseimiento sobre la administración de la justicia y los derechos del acusado. *Id.,* a la pág. 1116.

En su consecuencia, el Tribunal Supremo reconoció que el Tribunal de Primera Instancia tiene discreción para sobreseer bajo la mencionada Regla 247(b), por ser *"conveniente para los fines de la justicia..."*, los cargos de violencia doméstica pendientes contra un imputado. Dicho Foro reconoció que esa discreción *"es amplia, pero de ningún modo puede ser la misma absoluta o ilimitada."* Pueblo v. Castellón, supra, a la pág. 1116.

El Tribunal Supremo señaló que tanto la defensa como el Ministerio Público deben tener derecho a expresarse sobre la corrección o conveniencia de decretar un sobreseimiento. Es de extrema importancia recalcar que la participación del fiscal en esta vista es fundamental. *Id.*

Por otro lado, la facultad de acusar y procesar criminalmente a una persona por la violación a un estatuto corresponde, de ordinario, al Ministerio Público. *Pueblo v. Castellón, supra.* Ha expresado el Tribunal Supremo:

*"La víctima o testigo de un delito no tiene el poder de vetar la actuación o el curso de acción que el fiscal entienda procedente seguir en el caso. ... Esto es así porque los delitos en general son ofensas cometidas contra la sociedad y no contra un individuo en particular. ...*

*La aplicación de las leyes penales no se deja a la potestad de los particulares. Aunque la víctima de un delito perdone a su ofensor, corresponde al poder público determinar si acusa y juzga al delincuente. De ahí que el derecho penal se considere como una ofensa de carácter público, ya que aunque representa un ataque directo a los derechos de los individuos, sea integridad corporal, propiedad, honestidad, etc., su efecto último es sobre los derechos del cuerpo político."*

*Id.*, a las págs. 1,117-8.

Finalmente, el Tribunal Supremo advirtió que en casos de violencia doméstica, no debe prestarse demasiado énfasis a la falta de interés expresada por la víctima, toda vez que en este contexto, las personas objeto de maltrato a menudo se ven coaccionadas por distintos factores a retirar los cargos, sin que ello brinde solución al problema social y de interés público que ha provocado la acusación en primer lugar. Previo a ordenar el archivo, el Tribunal de Primera Instancia debe **considerar los factores enumerados**, así como la existencia de un *"plan auténtico para establecer la buena convivencia familiar; así por ejemplo, si la víctima y el acusado demuestran que están recibiendo ayuda profesional conducente a modificar la conducta del agresor."* Id., a la pág. 1,118.

Por otro lado, el Tribunal Supremo ha expresado que la discreción de los jueces para resolver una controversia significa el poder decidir una forma u otra, entre uno o varios cursos de acción, pero no significa que al actuar se haga abstracción del resto de las normas jurídicas y la política pública que ellas sustentan. *Pueblo v. Sánchez González*, 90 D.P.R. 197, 200 (1964).

El abuso de discreción se puede manifestar en varias maneras, a saber:

*"Se incurre en ellos, entre otras y en lo pertinente, cuando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando, por el contrario, el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuanto, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos."*

*Pueblo v. Ortega Santiago*, 125 D.P.R. 203, 211-212 (1990).

## IV

Dentro del marco jurídico antes enunciado, procedamos a resolver la controversia de autos.

En su escrito, el Procurador General nos plantea que el Tribunal de Primera Instancia abusó de su discreción al ordenar el archivo y sobreseimiento de las acusaciones presentadas contra el recurrido tomando en consideración solamente la falta de interés de la perjudicada y dos (2) certificados de que tanto la perjudicada como el agresor habían tomado un curso de catorce (14) horas sobre manejo del coraje.

Comencemos señalando que concurrimos con el Procurador General cuando plantea que la determinación del tribunal *a quo* no es una conveniente para los fines de la justicia si consideramos, entre otros extremos, la naturaleza grave de las acusaciones en el caso de autos. De igual forma somos de opinión que, al emitir su decisión, el Tribunal de Primera Instancia no consideró otros factores tales como: la naturaleza de la acusación, la frecuencia con que se archiva este tipo de caso y su impacto sobre la administración de la justicia, conforme *Pueblo v. Castellón, supra*.

En el caso de autos, se presentaron denuncias contra el recurrido por el delito de maltrato. El día del juicio, se celebró una vista conforme *Pueblo v. Castellón, supra*, donde la perjudicada expresó su interés de no proseguir con su caso declarando que tanto ella como el recurrido habían tomado un seminario sobre manejo de coraje. Ante esta situación, el Tribunal de Primera Instancia ordenó el archivo y sobreseimiento de la acción.

Conforme ha expresado el Tribunal Supremo, la expresión de *"falta de interés en el caso"* por parte de la víctima de un delito es muy común y en ocasiones constituye el resultado de amenazas, hostigamientos, temor u otros factores ajenos a los méritos del caso. No obstante, es una realidad innegable que dicha expresión es más común en los casos de violencia doméstica. La violencia doméstica, por su naturaleza cíclica y el grado de intimidad existente entre la víctima y el agresor, puede requerir la intervención de las autoridades en múltiples ocasiones. En muchas situaciones, la víctima manifiesta su desinterés en que los procedimientos judiciales prosigan, producto esto de la influencia que el victimario ejerce en la conducta de la víctima o del trastorno psicológico que produce el vivir sometida a un constante maltrato, sea verbal o físico. Esta realidad fáctica requiere que los magistrados presten especial cautela en la adjudicación de acciones como las de autos.

En la situación de hechos podemos colegir del récord que la perjudicada desea *"estar sola"*, lo que podría entenderse que era su determinación terminar o no continuar la relación que la une al recurrido. (Véase denuncia). Los actos de violencia doméstica imputados al recurrido, por su parte, constituyen una conducta grave de agresión que trasciende cualquier desavenencia familiar que envuelva un simple coraje.

El Ministerio Público se opuso a que se archivara la denuncia a tenor con la Regla 247 (b) de las Reglas de Procedimiento Criminal, *supra*. A pesar de su oposición, el tribunal *a quo* decretó el sobreseimiento de las denuncias. Conforme reseñado, la falta de interés de una víctima de delito es muy común y en ocasiones constituye el resultado de amenazas, hostigamiento, temor u otros factores ajenos a los méritos del caso. Es facultad del Ministerio Público procesar o no criminalmente a una persona por violación a una ley.

Asimismo, y ante la seriedad del evento que dio génesis al caso de autos, somos de opinión que los certificados sometidos acreditando un curso de catorce (14) horas sobre manejo de coraje no revela un plan auténtico que demuestre que se está recibiendo ayuda profesional conducente a modificar la conducta del agresor.

En la etapa en que se encontraba este caso, una determinación de archivo por Regla 247(b) de Procedimiento Criminal, *supra*, es extremadamente radical y no sopesa el mensaje que dicha determinación envía a las partes en particular y al Pueblo en general sobre el problema de la violencia doméstica. La naturaleza del delito cometido y el tipo de ley que se infringe, tiene que ser un factor a considerar. En estas circunstancias se debe hacer un balance entre los derechos de las personas envueltas y el interés del Estado.

El archivo en esta etapa de los procedimientos en un caso como este, no es conveniente ni deseable a los fines de la justicia y constituye un abuso de discreción, máxime cuando el Ministerio Público se opone como en este

caso a tal determinación.

## V

Por los fundamentos antes expuestos, se expide el auto solicitado y se revoca la Resolución del Tribunal de Primera Instancia que ordenó el sobreseimiento y archivo de la denuncia a tenor con la Regla 247 de las de Procedimiento Criminal, *supra*. Se devuelve el caso al foro de instancia para la continuación de los procedimientos de manera compatible con lo resuelto en esta Sentencia. El Juez Aponte Hernández, disiente con opinión escrita.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2003 DTA 144

**1.** Este artículo tipifica como delito el maltrato.

**2.** Los certificados fueron admitidos como evidencia. Los mismos fueron otorgados por *"Nueva Visión Educativa del Caribe, Inc."*, el 24 de enero de 2003, seis (6) meses después de presentadas las denuncias.

---

## VOTO DISIDENTE DEL JUEZ APONTE HERNANDEZ – 2003 DTA 144

San Juan, Puerto Rico, a 11 de septiembre de 2003

Disiento, con el mayor convencimiento, de lo resuelto por la mayoría de los compañeros jueces que integran este Panel que determinaron expedir y revocar al Tribunal de Primera Instancia.

El peticionario, Pueblo de Puerto Rico, representado por el Procurador General, solicita la revocación de la sentencia emitida el 14 de febrero de 2003 por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante la misma, dicho foro ordenó el archivo y sobreseimiento, bajo la Regla 247(b) de Procedimiento Criminal, de las denuncias presentadas en contra del señor David Rivera Rivas, por violación al Art. 3.1 de la Ley 54 de 15 de agosto de 1989, conocida como Ley para la Prevención e Intervención con la Violencia Doméstica.

La interpretación que la mayoría del Panel hace sobre lo resuelto en *Pueblo v. Castellón*, 151 D.P.R. ___ (2000), **2000 J.T.S. 84**, es tan restrictiva, que prácticamente cierra todas las puertas a la discreción judicial para archivar acusaciones por violación a la Ley 54, *supra*, aun luego de cumplir con el requisito de la celebración de vista, y escuchar y recibir prueba oral y documental, con la participación del Ministerio Público, según dispuesto en el citado caso.

## I

Los eventos procesales que dan lugar a este recurso no están en controversia. Por hechos ocurridos el 3 de agosto de 2002, el Ministerio Público presentó dos (2) denuncias contra el señor David Rivera Rivas, por el delito grave de maltrato según tipificado en el Artículo 3.1 de la Ley 54, *supra*.

Luego de que el señor Rivera renunciara por escrito a la celebración de la vista preliminar, se determinó causa probable para presentar las acusaciones. Celebrado el acto de lectura de acusación, el juicio quedó señalado para el 14 de febrero de 2003. Ese día, la defensa solicitó una vista a tenor de lo resuelto en *Pueblo v. Castellón*, *supra*, ante la alegada falta de interés de la perjudicada en proseguir con el caso. El Tribunal de Primera Instancia accedió a lo solicitado. La defensa presentó, entonces, el testimonio de la perjudicada, quien declaró que tanto ella

como el acusado habían tomado y cumplido satisfactoriamente un seminario sobre manejo de coraje. Los certificados fueron presentados como evidencia. ■ Tanto el representante del Ministerio Público como el magistrado de la sala de instancia interrogaron a la testigo. Conforme surge del escrito del Procurador General, al ofrecer su testimonio, la perjudicada indicó que, luego de que se presentaron las denuncias, no había ocurrido ningún otro incidente. Conforme con la prueba desfilada, el tribunal emitió sentencia ordenando el archivo de la acción penal a tenor de lo dispuesto en la Regla 247(b) de Procedimiento Criminal.

## II

El Procurador General señala que el Tribunal de Primera Instancia abusó de su discreción al ordenar el sobreseimiento de las acusaciones, al tomar en cuenta principalmente la falta de interés de la perjudicada y los certificados del seminario para el manejo de coraje. Alega que dicha evidencia no constituye prueba suficiente para sostener el archivo decretado. En apoyo a su señalamiento, hace referencia a *Pueblo v. Castellón, supra*.

## III

En *Pueblo v. Castellón*, 151 D.P.R. ___ (2000), **2000 J.T.S. 84**, nuestro más alto foro formuló los factores que los tribunales deben considerar antes de decretar un sobreseimiento bajo la Regla 247(b) de Procedimiento Criminal. Así, al ejercer su discreción, el tribunal debe considerar los siguientes factores: (1) la evidencia con la que cuenta el Ministerio Público para establecer su caso, (2) la naturaleza del delito, (3) si el acusado está encarcelado o ha sido convicto en un caso relacionado o similar, (4) el tiempo que el acusado lleva encarcelado, (5) la posibilidad de amenaza u hostigamiento, (6) la probabilidad de que en el juicio pueda traerse nueva o evidencia adicional y (7) si sirve a los mejores intereses de la sociedad proseguir con los procedimientos. Además, es preciso examinar la naturaleza de la acusación, incluyendo el tipo de actividad delictiva en cuestión, su seriedad, la frecuencia con que se archivan casos del mismo tipo y el impacto del sobreseimiento sobre la administración de la justicia y los derechos del acusado. **Aunque los factores enumerados constituyen elementos necesarios a considerarse en la determinación de un tribunal de archivar una denuncia o acusación, esto no significa que todos deben concurrir para que se justifique el archivo.** El tribunal puede tomar en cuenta otros factores para determinar si procede un sobreseimiento, que le permitan hacer el balance entre la libertad del individuo y el interés del Estado en encausar a los responsables de actos delictivos. *Pueblo v. Castellón, supra*, págs. 1116-7.

A tenor con lo anterior, un tribunal no puede decretar automáticamente el archivo o sobreseimiento del caso, con las consecuencias que ello acarrea, por razón de que la *víctima de delito ha manifestado su falta de interés en el caso*. En dichos casos, procede celebrar una vista para considerar los factores anteriormente esbozados. En la vista, el tribunal sí puede considerar la falta de interés en el caso, al analizar el factor que requiere examinar si el Ministerio Público cuenta con evidencia para establecer su caso. *Pueblo v. Castellón, supra*, pág. 1118.

Particularmente en los casos donde se alega violencia doméstica, no resulta *"conveniente a los fines de la justicia"* que un tribunal archive automáticamente la denuncia o acusación, con la oposición del Ministerio Público, cuando la víctima exprese no tener interés en el caso. Ello responde a la política pública en contra de tales actos. Nuestro ordenamiento repudia enérgicamente la violencia doméstica por ser contraria a los valores de paz, dignidad y respeto que este pueblo quiere mantener para los individuos, las familias y la comunidad en general. *Pueblo v. Castellón, supra*, pág. 1118. Así, el tribunal deberá celebrar una vista con la participación del fiscal y deberá considerar los factores pertinentes, incluyendo si la falta de interés de la víctima responde a un plan auténtico para establecer una buena convivencia familiar, como por ejemplo, si el acusado y la víctima demuestran que están recibiendo ayuda profesional conducente a modificar la conducta del agresor. *Pueblo v. Castellón, supra*, pág. 1119.

## IV

Existen diferencias fundamentales entre el caso que nos ocupa y *Pueblo v. Castellón, supra*, que hacen distinguible uno del otro.

En *Pueblo v. Castellón, supra*, se presentó una denuncia contra el imputado por una violación a la Ley para Prevención e Intervención con la Violencia Doméstica. Llamado el caso para la celebración de la vista preliminar, la víctima expresó no tener interés en proseguir con el caso. El tribunal examinó a la perjudicada solamente en cuanto a ese aspecto. El Ministerio Público se opuso, pero, a pesar de ello, el tribunal decretó el sobreseimiento de la denuncia bajo el único fundamento de que la víctima había manifestado no estar interesada en continuar la acción penal. Antes de decretarse el archivo, no se celebró la vista con la participación del fiscal ni se consideraron los factores señalados en la opinión. En ese contexto, el Tribunal Supremo concluyó que el foro de instancia había abusado de su discreción al ordenar el archivo, revocó tal determinación y devolvió el caso al foro de instancia para que se celebrara la vista que requiere la Regla 247(b) de Procedimiento Criminal y se consideraran los mencionados factores.

Por el contrario, en el caso que nos ocupa, el foro de instancia celebró la vista a tenor con la Regla 247(b). Durante la misma, la defensa presentó el testimonio de la perjudicada, quien declaró que tanto ella como el acusado habían tomado y cumplido satisfactoriamente un seminario sobre manejo de coraje. Se sometieron en evidencia los certificados correspondientes y tanto el representante del Ministerio Público, como el magistrado de la sala de instancia, interrogaron a la testigo. Fue entonces, y acorde con la prueba desfilada, que el foro de instancia emitió la sentencia ordenando el archivo de la acción penal. No hay duda, pues, de que en el presente caso se celebró la vista, con la participación del fiscal, a tenor con la Regla 247(b) de Procedimiento Criminal. El foro de instancia escuchó el testimonio de la perjudicada y el interrogatorio del fiscal, interrogó a la víctima y recibió prueba documental acreditativa del interés de las partes de establecer una buena convivencia familiar; esto es, se demostró la ayuda profesional recibida encaminada a modificar la conducta del agresor.

Sin embargo, la mayoría de los miembros de este Panel ha avalado la posición del Procurador General, que señala que la falta de interés por parte de la perjudicada y los certificados del seminario para el manejo de coraje no constituyen prueba suficiente para sostener el archivo decretado, que el foro de instancia *"no ponderó suficientemente"* los factores esbozados en *Pueblo v. Castellón, supra,* y *"consideró desproporcionadamente"* la falta de interés de la víctima y los dos certificados del curso sobre manejo de coraje. Indican, además, que confirmar el archivo decretado no sirve a los mejores intereses de la justicia, obviando el interés público del Ministerio Fiscal de procesar penalmente la conducta delictiva imputada, y que es inválida la sentencia decretando el sobreseimiento de las denuncias, debido a que el tribunal no expuso las causas del sobreseimiento.

Como bien surge de las alegaciones del Procurador General, avaladas por la mayoría de este Panel, sus señalamientos van dirigidos a cuestionar la evaluación que sobre los factores previamente enumerados realizó el Tribunal de Primera Instancia. Alega que al momento de emitir su determinación, dicho Foro tomó en cuenta principalmente el desinterés de la víctima en proseguir con el caso y los certificados del curso sobre manejo de coraje. Sin embargo, su señalamiento no descarta el que se hubiera evaluado el resto de los factores. Según el criterio del Procurador General, éstos fueron evaluados de forma *"insuficiente"* y *"desproporcionada"*. Pero sus alegaciones no significan, necesariamente, que no se hubieran considerados los mencionados factores. Ciertamente, el Tribunal de Primera Instancia no expuso en su sentencia las causas del sobreseimiento según lo requiere la Regla 247(b), *supra,* pero el acta de la vista celebrada el 14 de febrero de 2003, está unida a los autos y de la misma consta el dictamen y los fundamentos para tal determinación. **Cualquiera que sea la sustancia del concepto *"en pro de la justicia"*, se demostró, a satisfacción del Tribunal, la intención genuina de las partes de restablecer la sana convivencia familiar.**

En resumen, entendemos, contrario a la opinión mayoritaria de este Panel, que en este caso el Tribunal de Primera Instancia no abusó de su discreción. Se celebró la vista, se escuchó a la perjudicada con la participación activa del Ministerio Público, se recibió prueba documental y se examinaron las posiciones de las partes. El peso que dicho Foro proporcionó a cada uno de los factores mencionados es un asunto sobre el cual no debemos intervenir. Hay que tomar en consideración que la apreciación de la prueba corresponde, en primer lugar, al juzgador de instancia. De ahí, que el foro apelativo sólo intervendrá con tal apreciación cuando se demuestre la

existencia de pasión, prejuicio, parcialidad o error manifiesto. *Pueblo v. Irizarry*, 156 D.P.R. ___ (2002), **2002 J.T.S. 68**, págs. 1109-10.

## V

Por los fundamentos que anteceden, disentimos de la decisión de la mayoría de este Panel; denegaríamos la expedición del auto solicitado.

**NESTOR S. APONTE HERNANDEZ**
**Juez de Apelaciones**

**ESCOLIO VOTO DISIDENTE DEL JUEZ APONTE HERNANDEZ - 2003 DTA 144**

1. Los certificados fueron otorgados el 24 de enero de 2003, seis meses después de que se presentaran las denuncias.